IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTOINE GOMIS, | ) | No. C 06-3251 JW (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| vs. | ) | |
| UNITED AIRLINES, | ) | (Docket No. 2) |
| Defendant. | ) | |

Plaintiff, a detainee of the Department of Immigrations and Customs Enforcement ("I.C.E.") in Bakersfield, California, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff alleges he will be ordered removed by I.C.E. officials to France, his country of origin, and that he will be flown on defendant's airline. He seeks money damages, to have the removal order vacated, and to be released from custody. Plaintiff requests leave to proceed in forma pauperis under 28 U.S.C. § 1915. (Docket No. 2).

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a

Order of Dismissal
N:\Pro - Se\7.27.2007\06-03251 Gomis03251_dismissal.wpd

1  governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims
2  or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous,
3  malicious, or fails to state a claim upon which relief may be granted," or "seeks
4  monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).
5  Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't., 901
6  F.2d 696, 699 (9th Cir. 1990).

7      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
8  elements: (1) that a right secured by the Constitution or laws of the United States was
9  violated, and (2) that the alleged violation was committed by a person acting under the
10 color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

11 B.    Legal Claims

12     Plaintiff's claims against United Airlines is not a cognizable claim upon which
13 relief may be granted. To begin with, a private entity, such as defendant, generally does
14 not act under color of state law for purposes of a § 1983 action. See Gomez v. Toledo,
15 446 U.S. 635, 640 (1980). To be sure, action taken by private individuals or
16 organizations may be under color of state law when a challenged activity results from
17 the State's exercise of coercive power; when the State provides significant
18 encouragement for the activity; or when a private actor operates as a willful participant
19 in joint activity with the State. See Brentwood Academy v. Tennessee Secondary Sch.
20 Athletic Ass'n, 531 U.S. 288, 295-96 (2001). Here, however, the allegations are that
21 plaintiff will be ordered removed to his country of origin by *federal* authorities, and that
22 defendant will be the airlines on which he flies. From these allegations, it is clear that
23 defendant's alleged actions have not resulted from, been encouraged by, or been a
24 willing participation in the exercise of a *state's* coercive power, been encouraged by a
25 state, or been carried out as a willful

26     In addition, the Supreme Court has consistently held that any claim by a prisoner
27 attacking the fact or duration of his confinement must be brought under the habeas

28

Order of Dismissal
N:\Pro - Se\7.27.2007\06-03251 Gomis03251_dismissal.wpd   2

**United States District Court**
For the Northern District of California

sections of Title 28 of the United States Code.  See Calderon v. Ashmus, 523 U.S. 740, 747 (1998); Edwards v. Balisok, 520 U.S. 641, 648 (1997); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  Consequently, the remedies plaintiff seeks with respect to his release from custody and voiding of the removal order may not be obtained in a civil rights action, but rather must be raised in a habeas petition.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED for failure to state a claim upon which relief may be granted.  Plaintiff's request to proceed in forma pauperis (Docket No. 2) is DENIED.  No fee is due.

The Clerk shall close the file.

DATED:      July 19, 2007

JAMES WARE
United States District Judge

Order of Dismissal
N:\Pro - Se\7.27.2007\06-03251 Gomis03251_dismissal.wpd